BAILES, Judge.
Ronald G. Circello, plaintiff-appellant, appeals from the judgment of the court a quo denying his disavowal of the child, Harold Jason Circello, born of appellant’s marriage to defendant-appellee, Beverly Beal Circel-lo. This action was commenced by plaintiff by petition filed March 2, 1977, in which he sought a separation from bed and board from defendant-wife, on the ground of having lived physically separate and apart for one year. By way of answer and reconven-tional demand defendant-wife alleges, inter alia, that her husband abandoned her and she is entitled to be awarded a judgment of separation from bed and board, alimony for herself and support for the child.
In plaintiff-appellant’s answer to the re-conventional demand of his wife, he in effect filed a general denial and affirmatively alleged that the child known as Harold Jason Circello is not his child and that someone else is the child’s father. On the same day that plaintiff answered the reconven-tional demands of defendant-wife, he filed a supplemental and amended petition in which he alleged that the defendant is guilty of adultery and prays for a divorce, and alternatively for a judgment of separation from bed and board. On April 22, 1977, plaintiff filed an action en desaveu in which both the child and the mother, defendant-appellee, were made defendants. Issue was joined in due course.
Finally, on March 7, 1978, plaintiff-appellant filed a petition for divorce on the ground that more than two years had elapsed since plaintiff and defendant lived together and prayed for a divorce between them. No answer was filed by defendant to this petition. It should be noted, however, that plaintiff had sought a divorce on the ground of adultery to which an answer had been filed. At the time of trial proof was made, without objection from defendant, that the parties had not cohabited for a period of time in excess of two years. Thus, at the time of trial there was before the court an action for a divorce, for separation from bed and board and the action for disavowal of the child. After trial and the matters were submitted for decision, the trial court awarded a divorce between the parties and denied plaintiff the disavowal of Harold Jason Circello.
Plaintiff timely filed a motion for a new trial limited to that portion of the judgment decreeing that plaintiff is the father of the child. In his motion for a new trial plaintiff alleges that since the trial material evidence important to the cause has been discovered which he could not with due diligence have discovered before or during the trial. This evidence is detailed as being business records of the apartment complex where the parties lived which would show that plaintiff moved out of his apartment where he and the defendant resided together on February 28, 1976, and that several of the witnesses who appeared for defendant did not live in the apartments on the dates so testified to by them, and finally that a certain witness was available now to testify that plaintiff moved to Melville, Louisiana, on February 29, 1976 and remained there throughout the month of March, 1976. The motion for a new trial was denied.
*724 The sole issue on this appeal is the correctness of the judgment of the trial court decreeing Harold Jason Circello to be the child of plaintiff-appellant, Ronald G. Circello.
Civil Code Article 184, as amended by Section 1, Act No. 430 of 1976 provides:
“The husband of the mother is presumed to be the father of all children born or conceived during the marriage.”
And Civil Code Article 187, as amended, states:
“The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father.”
There is no dispute between the parties that they were married on February 21, 1976, and that the child whose paternity is questioned by appellant was born on December 6, 1976.
The theory of the appellant’s case is that he last resided and cohabited with the ap-pellee-mother on the night of February 24, 1976; that she told him on February 25, 1976, she did not love him enough to be married to him and that she was going back to her mother’s; that according to the doctor who attended the appellee-mother the child was conceived on or about March 18, 1976, which was subsequent to their last cohabitation.
The position of the appellee is that she separated from plaintiff on February 27, 1976, because of his mental cruelty toward her; that she returned to him on two or three occasions; and that she last cohabited with her husband on the night of March 16, 1976, in their apartment where they had resided together.
No useful purpose would be served in detailing the testimony of the plaintiff and his witnesses as opposed to that of the defendant and her witnesses. The pivotal issue of the case is whether plaintiff and defendant cohabited after her menstrual period extending from March 4 through March 10, or thereabout. The evidence proffered by each party is in conflict. The trial judge did not assign written reasons for the judgment (his oral reasons were not transcribed because of recorder tape malfunction), however, by reason of the judgment rendered he resolved this conflict in favor of defendant’s position that in fact plaintiff and defendant did cohabit as late as approximately March 16, 1976, or the trial judge determined that the plaintiff had not rebutted the presumption of paternity prescribed by Civil Code Article 184.
The trial judge had the benefit of hearing live testimony from the witnesses who appeared in court. This afforded him the opportunity to evaluate their testimony and determine their respective credibility which we are unable to do from the bare record.
If the trial court determined that plaintiff did not overcome or rebut the presumption of legitimacy prescribed in Civil Code Article 184, we concur. On the other hand if by reason of his superior position of being able to observe the witnesses and evaluate their demeanor and credibility on the stand he resolved the testimonial conflict in favor of the defendant, we are not at liberty to disturb his finding. We hold that there is credible evidence herein which reasonably supports the conclusion of the trier of fact, and certainly the finding of the trial court is not clearly wrong. See Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Turning our attention now to the denial of appellant’s motion for a new trial and the correctness of the ruling, suffice it to say that even if the trial court had granted a new trial and admitted the “newly discovered” evidence, in view of the testimony of the plaintiff and of at least one other of his witnesses (Thomas Milton Chapman) that the plaintiff was the lessee of Apartment No. 28 through March, 1976, as well as the testimony of plaintiff’s mother, the “newly discovered” evidence would have injected conflict within the plaintiff side of the evidence. It could not have been a determining factor in favor of plaintiff. We conclude the trial court correctly denied the motion for a new trial.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at plaintiff-appellant’s cost.
AFFIRMED.